138 Nev., Advance Opinion 81

## IN THE SUPREME COURT OF THE STATE OF NEVADA

KIMBERLY D. TAYLOR, AN
INDIVIDUAL,
Appellant,
vs.
KEITH BRILL, M.D., FACOG, FACS,
AN INDIVIDUAL; AND WOMEN'S
HEALTH ASSOCIATES OF
SOUTHERN NEVADA-MARTIN, PLLC,
A NEVADA PROFESSIONAL LIMITED
LIABILITY COMPANY,
Respondents.

No. 83847



FILED

DEC 15 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Motion for disqualification of a supreme court justice in an appeal from a judgment on a jury verdict in a medical malpractice action.

*Motion denied.*

Breeden & Associates, PLLC, and Adam J. Breeden, Henderson,
for Appellant.

McBride Hall and Robert C. McBride and Heather S. Hall, Las Vegas,
for Respondents.

BEFORE THE SUPREME COURT, EN BANC.[1]

---

[1]The Honorable Douglas W. Herndon, Justice, did not participate in the decision of this motion. And, the Honorable Abbi Silver having retired, this matter was decided by a five-justice court.

22-39361

*OPINION*

By the Court, HARDESTY, J.:

Nevada Code of Judicial Conduct 2.11(A)(6)(d) requires judges to disqualify themselves from cases where they "previously presided as a judge over the matter in another court." Here, we consider whether a former district judge, now a supreme court justice, who was assigned a case in district court but never heard or decided any matters in that case before it was reassigned, "presided" over that case such that the justice must be disqualified from hearing the case on appeal. We conclude that disqualification is not required under these facts, as the justice did not preside over the case in district court, and therefore deny the motion to disqualify.

*BACKGROUND*

Following briefing in this appeal, Justice Douglas Herndon filed a notice of voluntary disclosure informing the parties that he had inherited the underlying matter on September 8, 2020, while serving as a district judge and that he had retained it until he left the bench on December 31, 2020. His disclosure stated that the matter never appeared on his calendar and that he had no knowledge about the case before the instant appeal. He explained that he had no bias or prejudice as to any of the parties or issues and concluded there was no basis for disqualification.

Now, appellant Kimberly D. Taylor moves to disqualify Justice Herndon, contending that NCJC 2.11(A)(6)(d) is a mechanical rule that requires disqualification whenever a judge previously presided over a matter. Taylor points to the mandatory nature of the rule in asserting that it contains no exceptions and does not require an inquiry into the judge's involvement in the case. Justice Herndon responds that he saw no documents and performed no work on the case in district court and "had no

 

knowledge at all of the [case's] existence." He therefore asserts that his impartiality could not reasonably be questioned, that the rule does not require disqualification, and that he has a general duty to hear and decide cases where disqualification is not required. Respondents Keith Brill and Women's Health Associates of Southern Nevada-Martin, PLLC (collectively, Brill) also oppose the disqualification motion. Brill's counsel asserts that he was counsel of record in the district court proceedings and that Justice Herndon did not hear or decide any matters while the case was assigned to him. Brill argues that because Justice Herndon took no action in the case, he does not need to disqualify himself.

## DISCUSSION

NCJC 2.11(A)(6)(d) provides as follows: "A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances: . . . [t]he judge . . . previously presided as a judge over the matter in another court." Our code of judicial conduct is based on the American Bar Association's (ABA) model code. *See In re Nev. Code of Judicial Conduct*, ADKT No. 427 (Order) (Nev. Dec. 17, 2009) (recognizing that Nevada adopted the ABA's revised Model Code of Judicial Conduct). Using the comments to Model Rule 2.11(A)(6)(d) as a starting point, we observe that they do not discuss the judicial activity encompassed by the phrase "previously presided as a judge over" so as to clarify when the rule would require disqualification. *See generally* Model Code of Judicial Conduct 2.11, cmts. Indeed, Taylor and Brill do not point to, and we did not find, many decisions where courts have considered the meaning of "preside[s]" in the context of this rule, despite its wide adoption. *See* Charles Gardner Geyh et al., *Judicial Conduct and Ethics* § 4.14[1] at 4-57 (6th ed. 2020) (noting that Model Rule 2.11(A)(6)(d) is "relatively clear" and

therefore has not been a "litigation-breeder[ ]"); Dana Ann Remus, *Just Conduct: Regulating Bench-Bar Relationships*, 30 Yale L. & Pol. Rev. 123, 138-39 n.74 (2011) (listing 18 states aside from Nevada that adopted the 2007 ABA Model Code).

Those courts that have adopted this rule and addressed the issue, however, have recognized that a judge's mere administrative contact with a case is not enough to trigger the rule's mandatory disqualification requirement. For example, the Ohio Supreme Court concluded that a challenged appellate judge did not "preside[ ]" over a matter where he, while tasked with overseeing case assignments in the trial court, only signed an order transferring the case from one department to another. *In re Disqualification of Tucker*, 193 N.E.3d 593, 594 (Ohio 2022). The court thus rejected the appellant's argument that Ohio's equivalent rule to NCJC 2.11(A)(6)(d) mandated disqualification under those facts. *Id.* An Oklahoma appellate court similarly rejected an argument that this rule required disqualification of a judge sitting on an appeal from a parental rights termination order where the judge previously had limited involvement in the appellant's criminal case. *In re L.M.*, 276 P.3d 1088, 1108 (Okla. Civ. App. 2012) (describing the judge's involvement in the criminal case as "accepting [the appellant's] waiver of preliminary hearing, his stipulation to the State's application to revoke, and sentencing [him] pursuant to a negotiated plea agreement").

These authorities demonstrate an understanding that a judge does not "preside[ ]" over a matter, as that term is used in the disqualification rule, merely because a case was administratively assigned to a judge. Rather, to preside over a matter within the meaning of the disqualification rule, the judge must have exercised some control or authority over the matter in the lower court. And here, it is undisputed

that the parties filed no motions in the case while it was assigned to Justice Herndon in district court and he neither decided any matters nor heard any argument. Thus, he exercised no control or authority over the matter in district court. If Justice Herndon participates in this matter as an appellate justice, he will not be reviewing his own decisions on appeal, as he made none while the case was assigned to him in district court. Thus, while Justice Herndon technically was assigned to the case in district court, the relevant facts demonstrate that he took no action in it during the period of his assignment and so did not "preside[ ]" over it in such a way that NCJC 2.11(A)(6)(d) mandates his disqualification.

## CONCLUSION

NCJC 2.11(A)(6)(d) requires disqualification where a judge's "impartiality might reasonably be questioned" because the judge "previously presided as a judge over the matter in another court." As he did not "preside[ ]" over this matter in the district court within the meaning of the disqualification rule, the rule does not require Justice Herndon's disqualification. We therefore deny Taylor's motion.

_____, J.
Hardesty

We concur:

_____, C.J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Pickering